**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

**ERNEST AGYENIM BOATENG**,

     *Petitioner*,

     v.

**MARKWAYNE MULLIN**, *et al.*,

     *Respondents*.

No. 26-cv-03215

**ORDER**

---

**THIS MATTER** comes before the Court by way of Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and the Court's prior March 26, 2026 Order, (ECF No. 3); and

**WHEREAS**, Petitioner is a native and citizen of Ghana who entered the United States on approximately February 21, 2022, and was ultimately paroled into the United States on March 3, 2022. On September 12, 2022, he filed an affirmative application for asylum with U.S. Citizenship and Immigration Services, which remains pending; and

**WHEREAS,** on October 14, 2025, an asylum officer interviewed Petitioner and found that he had a credible fear of return. Petitioner was then served with a Notice to Appear ("NTA") and placed into removal proceedings, and later that same day, Petitioner was re-detained by Immigration and Customs Enforcement and placed in detention at Delaney Hall Detention Facility in Newark, New Jersey. Following his re-detention, Petitioner has not been afforded a bond hearing; and

**WHEREAS,** on March 26, 2026, this Court ordered Respondents to file an expedited answer by March 30, 2026, at 10:00 a.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention; the procedural due process afforded prior to

detention; whether a final order of removal exists; any alleged changed circumstances justifying detention; whether Petitioner has received a bond hearing; and the current status of all related immigration proceedings; and

**WHEREAS,** Respondents filed an answer and letter response on March 30, 2026, acknowledging that the statutory arguments and facts in this case are materially identical to those that the Court has already rejected in *Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628, at *1 (D.N.J. Dec. 3, 2025). (ECF No. 5 at 1); *see also A-J-R v. Rokosky*, No. 25-17279, 2026 WL 25056, at *4–5 (D.N.J. Jan. 5, 2026); *Cifuentes v. Soto*, No. 25-18029, 2025 WL 3771380, at *4 (D.N.J. Dec. 31, 2025); and

**WHEREAS**, Respondents assert that Petitioner is being detained without bond under 8 U.S.C. § 1225(b)(1), because Petitioner was apprehended at the border, placed in expedited removal proceedings, and given a credible fear interview (ECF No. 5 at 2). However, as the Court set forth in *Rivas Rodriguez*, "because § 1225(b)(1)(A)(iii)(II) applies only to individuals "who have not been ... paroled," the plain language of the statute clearly and unambiguously shows that § 1225(b)(1)(A)(iii) cannot serve as the basis for Petitioner's detention." 2025 WL 3485628, at *2 (collecting cases); *see also A-J-R*, 2026 WL 25056, at *4–5 (applying same reasoning to case under § 1225(b)(1)(B)(ii)). Therefore, because § 1225(b)(1) is not a lawful basis for Petitioner's detention, and Petitioner was not detained under the parole revocation procedures described under 8 C.F.R. § 212.5(e), Petitioner could only be detained under 8 U.S.C. § 1226, which requires an

2

opportunity to seek bond;[1] and

**WHEREAS**, the basis for the Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions," *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); and

**WHEREAS**, the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, *post hoc* justifications presented during litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights

---

[1] The Court notes that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to her *continued* detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, No. 25-2162, 2026 WL 111933, at *9 (3d Cir. Jan. 15, 2026); *Kourouma v. Jamison*, No. 26-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) ("[W]hether a bond hearing is required prior to detention . . . is collateral to the removal process." (cleaned up)); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (same); *see also Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (explaining that § 1252(b)(9) did not bar consideration of bond related issues under §§ 1225 and 1226 because the noncitizens "[were] not asking for review of an order of removal, [were] not challenging the decision to detain them in the first place or to seek removal, and [were] not . . . challenging any part of the process by which their removability [was to] be determined" (cleaned up)). Here, the Petitioner's challenge to her continued detention "does not argue that [her] confinement is unlawful because the Government's removal action is itself invalid." *Kourouma*, 2026 WL 120208, at *3. Rather, the claim "challenges the Government's authority to detain [her] without a bond hearing," which is "not . . . decided through the [petition for review] process, nor is it capable of review once the immigration courts issue a final order on removal." *Id.* (cleaned up); *see also Khalil*, 2026 WL 111933, at *12 (explaining that challenges to "the length of confinement without a bond hearing . . . [do] not get channeled into the . . . [petition for review] process").

3

first and search for authority later;[2] and

**WHEREAS**, in any event, the Government does not allege that Petitioner is a flight risk, a danger to the community, or any other basis for denying bond and has "failed utterly to articulate a legitimate interest in the Petitioner being detained." *Elias v. Knight*, _____ F. Supp. 3d _____, No. 25-00594, 2025 WL 3228262, at *9 (D. Idaho Nov. 19, 2025); and

**WHEREAS**, in ordering Petitioner's immediate release, this Court joins the growing number of courts in this District and around the country that have and continue to do so.[3]

**IT IS,** on this <u>30th</u> day of <u>March</u>, 2026,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **<u>on this date</u> IMMEDIATELY RELEASE** Petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to: (1) release in the State of New Jersey, if Petitioner was initially arrested in New Jersey, or else as close to the place of initial arrest as reasonably practicable within 24 hours; (2) without the imposition of additional conditions (such as ankle

---

[2] *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning.").

[3] *See, e.g.*, *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Huang v. Almodovar*, No. 25-9346, 2025 WL 3295912 (S.D.N.Y. Nov. 26, 2025); *Rodriguez-Acurio v. Almodovar*, _____ F. Supp. 3d _____, No. 25-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025); *Quispe v. Rose*, _____ F. Supp. 3d _____, No. 25-02276, 2025 WL 3537279 (M.D. Pa. Dec. 10, 2025); *Salinas v. Woosley*, No. 25-121, 2025 WL 3243837 (W.D. Ky. Nov. 20, 2025); *Elias*, 2025 WL 3228262; *Faizyan v. Casey*, No. 25-2884, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); *Simanca Gonzalez v. Aldridge*, No. 26-0055, 2026 WL 313476 (S.D.W. Va. Feb. 5, 2026).

4

monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of initial arrest, or other appropriate attire; and it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of initial arrest and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's arrest; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date, time, and location of Petitioner's release and certifying that the conditions set forth above have been satisfied; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of fourteen (14) days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and

**ORDERED** that any future detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that, to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court

shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that the hearing previously scheduled for March 30, 2026, at 1:00 p.m. is **CANCELED**; and it is further

**ORDERED** that Petitioner shall advise the Court if they intend to file any application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, within fourteen (14) days of the entry of this Order. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, ____ F.4th ____, No. 24-2990, 2026 WL 263483, at *1 (3d Cir. Feb. 2, 2026); and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**CHRISTINE P. O'HEARN**
**United States District Judge**

6